■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. LEONARD TORTORICE, Appellant.— Judgment unanimously reversed on the law and a new trial granted. Memorandum: It was the contention of the People that defendant held up and robbed a gas station attendant. It was the further claim that at the time appellant was wearing a ski jacket with the hood thereof over his head. A few hours after the alleged crime the police without a search warrant entered defendant's apartment in his absence and took possession of the jacket.

Shortly thereafter they took appellant into custody at another location, had him don the jacket and took him before the complainant who identified defendant as the perpetrator of the crime. Later in the same day complainant again identified appellant in a "line up" at police headquarters. The latter was again wearing the jacket and was the only person on exhibition wearing such a garment. Thereafter defendant's motion to suppress the jacket as evidence was granted with the consent of the prosecutor. Upon the trial, however, the foregoing facts were proven by the People over the vigorous objections of defendant. This was error. Such evidence was acquired "by exploitation of the primary illegality" (*People* v. *Robinson*, 13 N Y 2d 296, 301). "The underlying rationale is that government may not violate the constitutional guarantee (U. S. Const., 4th Amdt.) and 'use the fruits of such unlawful conduct to secure a conviction' (*Walder* v. *United States*, 347 U. S. 62, 64–65, *supra*.)" (*People* v. *Rodriguez*, 11 N Y 2d 279, 286.) In passing, we note that it was error to permit a detective to testify that on the two subsequent occasions complainant identified appellant (*People* v. *Trowbridge*, 305 N. Y. 471; *People* v. *Brown*, 2 A D 2d 202). (Appeal from judgment of Erie County Court convicting defendant of robbery, second degree.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.